IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DYNEGY MARKETING AND TRADE,<br>*Plaintiff*<br>v.<br><br>VOLUNTEER ENERGY SERVICES INC.,<br>*Defendants* | CIVIL ACTION NO. H-05-2814 |

### MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Volunteer Energy Services Inc.'s motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. For the following reasons, the Court **ORDERS** that Defendant's motion is **GRANTED**.

### I. RELEVANT JURISDICTIONAL FACTS[1].

Dynegy Marketing and Trade ("Dynegy"), a Colorado partnership, is a supplier of natural gas. Its principle place of business is in Harris County, Texas. Volunteer Energy Services Inc. ("VESI") is an Ohio corporation with its principle place of business in Franklin County, Ohio. On 30 October 2001, Dynegy and VESI entered into a Gas Industry Standards Broad Base Contract ("the GISB contract") for Dynegy to supply gas to VESI. "The GISB is essentially a master-type agreement that contemplates various discrete sales." Rocha Aff't. The GISB contract specified that Texas law would govern the relationship of the parties and designated Dynegy's address as being in Houston, Texas. Dynegy alleges that VESI fell behind on its payment obligations early in the relationship, but that Dynegy continued to supply VESI with gas based on assurances made to it in a long series of e-mails sent to its Houston office.

---

[1]"Where the district court decides the motion to dismiss without holding an evidentiary hearing, the plaintiff must make only a prima facie showing of the facts on which jurisdiction is predicated. In determining whether a prima facie case exists, the court must accept as true the plaintiff's uncontroverted allegations, and resolve in its favor all conflicts between the jurisdictional facts contained in the parties affidavits and other documentation. Freudensprung v. Offshore Technical Services Inc., 379 F.3d 327 (5th Cir. 2004).

In June 2005, Dynegy initiated suit against VESI in Texas State Court. The petition alleges breach of contract and an action on account. The gravamen of the petition is that VESI defaulted on its payment obligations under the GISB contract. VESI timely removed the case to this court on the basis of diversity jurisdiction, and has now filed its motion to dismiss for lack of personal jurisdiction.

## II. LEGAL STANDARD

A federal court sitting in diversity has personal jurisdiction over a defendant to the same extent a state court sitting in the forum would. Bullion v. Gillespie, 895 F.2d 213, 215 (5th Cir. 1990); Fed.R.Civ.P. 4(e). The outer reaches of this jurisdiction are marked by the state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. Id. at 215. The Texas long-arm statute extends to the limits of due process. See Hall v. Helicopteros Nacionales de Colombia, S.A., 638 S.W.2d 870, 872 (Tex. 1982), rev'd on other grounds, 466 U.S. 408 (1984).

Under federal law, the exercise of jurisdiction over a nonresident defendant is proper if two prongs are satisfied. First, the defendant must have purposefully availed himself of the forum state, thereby establishing "minimum contacts." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Bullion, 895 F.2d at 216. Second, exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987). The minimum contacts prong of the inquiry is subdivided into contacts that will produce specific jurisdiction and contacts that will produce general jurisdiction. Specific jurisdiction will arise when defendant's contacts produced, or are related to, the cause of action. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). General jurisdiction will arise when a defendant's contacts are so "continuous and systematic" as to make him amenable to suit on any cause of action. Id. at 414 n.9.

The Fifth Circuit has repeatedly found that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." Freudensprung v. Offshore Technical Services Inc., 379. F.3d 327 (5th Cir. 2004) (quoting Holt Oil & Gas Corp. v.

Harvey, 801 F.2d 773, 778 (5th Cir. 1986) (citing Colwell Realty Investments v. Triple T Inns, 785 F.2d 1330, 1334 (5th Cir. 1986); Stuart v. Spademan, 772 F.2d 1185, 1192-93 (5th Cir. 1985))). In Holt, the Court of Appeals declined to find specific jurisdiction where the nonresident defendant (1) contracted with a Texas Corporation; (2) sent the final revised contract to Texas; (3) mailed three checks in partial performance of the contract to Texas; and (4) engaged in extensive telephonic and written communication with plaintiff in Texas. Holt, 801 F.2d at 778. Similarly, in Freudensprung, the Court of Appeals did not find specific jurisdiction over a cause of action arguably arising out of a contract where (1) the contract was with a Texas-based corporation; (2) the contract provided for arbitration in Houston of any disputes arising out of the contract; (3) the parties contemplated a long term relationship; (4) the nonresident defendant engaged in communications with the Texas Corp.; and (5) the nonresident defendant wired payments to Texas. In both Holt and Freudensprung the contracts at issue had choice of law provisions providing for the application of another state or country's law; however, the fact that a contract is to be governed by Texas law is not dispositive. See Stuart, 772 F.2d at 1192-94 (finding no specific jurisdiction where a nonresident defendant entered into a contract with Texas residents that was governed by Texas law).

## III. ANALYSIS

Dynegy argues that minimum contacts are satisfied because VESI entered into a contract with a Texas choice of law provision and corresponded extensively with a Dynegy in Texas. Alternatively, Dynegy asks for permission to conduct discovery to determine whether VESI committed an intentional tort.[2] After considering the facts and relevant law, the court is convinced that the choice of law provision in the GISB contract and the email communications are insufficient to satisfy minimum contacts. Additionally, the Court finds that, under the

---

[2] Under Fifth Circuit precedent a single communication directed at the forum state can satisfy minimum contacts if it constitutes an intentional tort. See Wein Air Alaska, Inc. v. Brandt, 195 F.3d 208, 213 (5th Cir. 1999).

circumstances of this case, it would be improper to allow Dynegy to proceed with discovery when it has not even alleged an intentional tort in its complaint.

The only relevant contacts Dynegy puts forward for the minimum contacts analysis are the choice of law provision in the GISB contract and the e-mails VESI sent to Dynegy's offices in Houston. Dynegy does not claim that VESI engaged in any other activity relevant to the minimum contacts inquiry. Therefore, in light of the Fifth Circuit's opinions in Freudensprung and Holt, it is impossible for the Court to find that VESI purposefully availed itself of the forum. The Court is forced to conclude that the contacts VESI had with Texas were a mere coincidence of business conducted elsewhere, and that it would violate due process to require VESI to appear and defend this suit.

## IV.  CONCLUSION

For the aforementioned reasons, the Court **ORDERS** that Defendant VESI's motion to dismiss is **GRANTED**.  Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** at Houston, Texas, this 9th day of March, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE